```
UNITED STATES DISTRICT COURT                       (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
MONTE S. LEACH,                         : 12 Civ. 3809 (PAC) (JCF)
                                        :
          Plaintiff,                    :      REPORT AND
                                        :      RECOMMENDATION
     - against -                        :
                                        :
NEW YORK CITY,                          :
                                        :
          Defendant.                    :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

Monte S. Leach brings this action pro se, alleging interference with his right to practice his Jewish religion while he has been in the custody of the New York City Department of Correction, incarcerated at the Anna M. Kross Center ("AMKC").

The City of New York (sued here as "New York City") now moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) the plaintiff failed to exhaust his administrative remedies, (2) the Complaint fails to allege facts sufficient to state a cognizable federal claim, (3) the Complaint fails to allege facts that would support municipal liability, and (4) the plaintiff is not entitled to the relief sought in the Complaint.[1]  The plaintiff has not submitted papers in opposition to the motion.  For the reasons set forth below, the motion should be granted and the suit dismissed with leave to file an amended complaint.

---

[1] New York State was also listed as a defendant in the Complaint, but the Honorable Paul A. Crotty, U.S.D.J., dismissed all claims against it.  (Order dated May 22, 2012).

Background

In accordance with the standard for assessing a motion to dismiss, the following facts are derived from the allegations in the Complaint and taken as true.

Mr. Leach identifies himself as an "unorthodox [J]ewish religious observer." (Complaint ("Compl.") at 3).[2]  Since his arrival at AMKC on or about September 2, 2011, he has been "denied [J]ewish services, which consist of not just Kosher meals, but also Kosher matsos [sic] which are Kosher cracker like pieces of bread." (Compl. at 3).  The plaintiff asked to speak with a Rabbi to find out "the exact days in which Jewish services are held," but his request was ignored.  (Compl. at 3).  He also did not receive "Kosher Matsos [sic] for breakfast, on a regular basis."  (Compl. at 5).

Mr. Leach's efforts to pursue grievances regarding his treatment will be discussed below.

Discussion

    A.   Standard of Review for a Motion to Dismiss

Courts considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010).  A complaint must contain more than mere "'labels

---

[2] For the sake of clarity, I will refer to the pages in Mr. Leach's Complaint as numbered by the Case Management/Electronic Case Filing (CM/ECF) System.

and conclusions'" or "'formulaic recitation[s] of the elements of a cause of action,'" but it need not make "'detailed factual allegations.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. Id. at 678. When ruling on a motion to dismiss, the task before a court "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Erickson, 551 U.S. at 94; see also McKeown v. New York State Commission on Judicial Conduct, 377 F. App'x 121, 122 (2d Cir. 2010). The pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). Even after the Supreme Court in Iqbal imposed heightened pleading standards for all complaints, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading

3

requirements.  See, e.g., Paul v. Bailey, No. 09 Civ. 5784, 2010 WL 3292673, at *4 (S.D.N.Y. July 21, 2010) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)), report and recommendation adopted, 2010 WL 3292672 (S.D.N.Y. Aug. 18, 2010).

Finally, where, as here, the plaintiff does not oppose a Rule 12(b)(6) motion, the court must still determine, as a matter of law, whether the complaint sufficiently states a claim on which relief may be granted.  McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000); Haas v. Commerce Bank, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007).  If the pleading is adequate, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."  McCall, 232 F.3d at 323.

B.   Exhaustion

The Complaint states facts establishing that Mr. Leach failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (the "PLRA").  The PLRA prohibits a prisoner from bringing a prison conditions claim under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The prisoner must utilize "all steps that the agency holds out, and do[] so properly.'"  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)); accord, e.g., Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011).  In other words, he must comply with the procedural rules of the local administrative agency.  Jones v. Bock, 549 U.S. 199, 218 (2007). Merely "[a]lert[ing] the prison officials as to the nature of the

4

wrong for which redress is sought does not constitute proper exhaustion," Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (internal quotation marks omitted) (alteration in original), nor does an "untimely or [] procedurally defective" grievance, Woodford, 548 U.S. at 83-84.

At AMKC, an inmate must exhaust all of the steps of the DOC Inmate Grievance Resolution Program ("IGRP") prior to filing a complaint in federal court.  This requires the inmate to (1) file a grievance with the Inmate Grievance Review Committee ("IGRC") and request a formal hearing, (2) appeal to the facility warden or his designee, (3) appeal to the DOC Central Office Review Committee, and (4) appeal to the New York City Board of Correction.  (DOC Directive 3375R-A ("Directive 3375R-A") available at http://www.nyc.gov/html/doc/downloads/pdf/ 3375R-A.pdf (last visited Feb. 28, 2013)).  In addition, for a grievance to be timely, it must be filed within ten days after the issue arose. (Directive 3375R-A).

Here, the plaintiff alleges that he deposited a grievance "[i]n the [g]rievance box on the first flr. wall" (Compl. at 10, ¶ IV(E)) and received "[n]othing at all" in response (Compl. at 10, ¶ IV(E)(2)).  When prompted to describe what steps he took to appeal, he states, "I complained constantly over a period of seven month[s], with all the chain of command made available for myself." (Compl. at 10, ¶ IV(E)(3)).  He goes on to allege:

> I put in a mess of grievances over a period of seven months, with no prevail [sic].  I put these grievances in on the grievance box on the wall of the first flr.  I do not know whatever became of these grievances[.]  As of 4/21/12 - It turns out that this box might have been the Social Services box on the wall of the first flr.!  (The

attempt was made!)

(Compl. at 11, ¶ IV(G)).

Mr. Leach thus did not comply with the available grievance process. He acknowledges that it is likely he did not properly transmit his grievances in the first place, and he never appealed when he received no response to his complaints. An inmate whose grievances initially go unanswered must nevertheless pursue his claims through all levels of the administrative process in order to satisfy the exhaustion requirement. See Dixon v. Thom, No. 11 Civ. 5901, 2013 WL 264602, at *2 (S.D.N.Y. Jan. 11, 2013); Hecht v. Best, No. 12 Civ. 4154, 2012 WL 5974097, at *3 (S.D.N.Y. Nov. 28, 2012); Swanston v. Department of Corrections, No. 11 Civ. 1219, 2011 WL 5105489, at *2 (S.D.N.Y. Oct. 27, 2011); George v. Morrison, No. 06 Civ. 3188, 2007 WL 1686321, at *3 & n.55 (S.D.N.Y. June 11, 2007).

The Second Circuit has recognized three exceptions to the PLRA's exhaustion requirements. Notwithstanding the failure to exhaust, a plaintiff may proceed with a prison conditions claim if

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)). Nevertheless, these exceptions do not assist the plaintiff here. Administrative remedies were available to Mr. Leach; the defendant

6

did not waive the exhaustion defense and is not estopped from asserting it; and, even if the plaintiff's apparent misdirection of his grievances could be excused, his subsequent failure to pursue his claims through the full IGRP process is fatal.  The Complaint should therefore be dismissed for failure to exhaust administrative remedies.

    C.    <u>Merits</u>

Even if the plaintiff had exhausted his administrative remedies, his Complaint fails to allege facts sufficient to state a valid claim under the First Amendment.  Inmates are entitled to practice religion and must be offered "'reasonable opportunities'" by the authorities to do so.  <u>See, e.g.</u>, <u>Hudson v. Palmer</u>, 468 U.S. 517, 523 (1984) (quoting <u>Cruz v. Beto</u>, 405 U.S. 319, 322 n. 2 (1972) (per curiam)).  To establish a free exercise claim, an incarcerated plaintiff must demonstrate that the targeted policy or practice constitutes a burden on his religious beliefs.  <u>See</u> <u>Pugh v. Goord</u>, 571 F. Supp. 2d 477, 497 (S.D.N.Y. 2008).  Prison officials must justify restrictions on a prisoner's observances by demonstrating that the restrictions are "'reasonably related to legitimate penological interests.'"  <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 349 (1987) (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).

The Second Circuit has stated that in order to prevail on a free exercise claim "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." <u>Salahuddin v. Goord</u>, 467 F.3d 263, 274-75 (2d

Cir. 2006); accord Skoros v. City of New York, 437 F.3d 1, 39 (2d Cir. 2006).  A substantial burden arises when "the state 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996) (alteration in original) (quoting Thomas v. Review Board Of the Indiana Employment Security Division, 450 U.S. 707, 718 (1981)).  The substantial burden requirement is not met by a de minimis imposition on the free exercise of religion.  See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 203 n. 6 (2d Cir. 2004) ("There may be inconveniences [regarding denial of religiously required food] so trivial that they are most properly ignored.  In this respect, this area of the law is no different from many others in which the time-honored maxim 'de minimis non curat lex' applies.").

Here, Mr. Leach fails to allege facts showing that the defendant placed a substantial burden on his religious beliefs.  The Complaint makes no mention of any occasion where he was prohibited from attending Jewish services or forced to violate a central tenet of his religious faith.  It mentions only a single occasion where Mr. Leach's request to speak with a Rabbi was ignored.  (Compl. at 3).

The plaintiff alleges that he did not receive "Kosher Matsos [sic] . . . on a regular basis," but he does not assert that receiving matzos with every meal is a tenet of the Jewish faith.  (Compl. at 5).  Moreover, there is no mention of how frequently he was denied Kosher meals, if at all.  Isolated denials of Kosher

matzos are a minor inconvenience and do not meet the substantial burden requirement.  See, e.g., Norwood v. Strada, 249 F. App'x 269, 272 (3d Cir. 2007) (denial of religiously certified halal meals during prison's emergency lock-down was "a mere de minimis intrusion" that failed to substantially burden inmate's religious beliefs); Rapier v. Harris, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (affirming summary judgment for defendants where denial of pork-free meal on three occasions constituted de minimis burden, caused by "institutional shortage" and plaintiff "has not alleged a routine or blanket practice of denying him pork-free meals"); Thomas v. Picio, 04 Civ. 3174, 2008 WL 820740 at *6 & n.8 (S.D.N.Y. March 26, 2008) (assuming that inmate plaintiff was denied Kosher meals for eight days, "such a denial is not a substantial burden" on her free exercise of religion).

    C.    Leave to Amend

The Second Circuit has held that a pro se litigant should be afforded at least one opportunity to "'amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). Because there is some prospect, however slim, that the plaintiff could state a valid claim, he should be given an opportunity to amend his complaint.

Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be granted and the Complaint be dismissed with leave to refile if, after all administrative remedies have been exhausted, the plaintiff can state facts satisfying the elements of a free exercise claim. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, Room 735, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 6, 2013

Copies mailed this date:

Monte S. Leach
113-110-1135
AMKC
18-18 Hazen Street
East Elmhurst, NY 11370

John Buhta, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007