UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: August 2, 2013
```

MONTE S. LEACH,

        Plaintiff,

v.

NEW YORK CITY,

        Defendant.

12 Civ. 3809 (PAC) (JCF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

      On May 11, 2012, pro se Plaintiff Monte Leach ("Leach") commenced this action against Defendant New York City[1] (the "City") for interference with his right to practice his religion while in custody, pursuant to 42 U.S.C. § 1983. Leach identifies himself as an "unorthodox [J]ewish religious observer" (Compl. at 3), and alleges that the City failed to provide him with adequate access to religious services. In particular, he alleges that the City failed to provide him with "Kosher Matzos... on a regular basis" or to respond to his request to speak with a Rabbi to find out "the exact days in which Jewish services are held" while he was incarcerated at the Anna M. Kross Center ("AMKC"). (Id. at 3, 5.)

      On September 10, 2012, the Defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Leach did not submit papers in opposition. On March 6, 2013, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("R&R") recommending that the case be dismissed for failure to state a claim. No objections were timely filed. For the reasons that follow, the Court adopts the R&R: the City's motion to dismiss is granted, with leave to replead.

---

[1] Grant also named New York State as a defendant. On May 22, 2012, the Court issued an Order of Service dismissing all claims against the State of New York, with prejudice.

## DISCUSSION

### I. STANDARD OF REVIEW

District courts are entitled to "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Specifically, the Court may adopt those portions of the R&R "to which no objections have been made and which are not facially erroneous." Wilds v. UPS 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). "The complaints of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, especially when the plaintiff asserts a violation of his civil rights. The leniency with which courts treat pro se complaints protects litigants who may mistakenly forfeit essential rights simply because they lack a legal education." Headley v. Fisher, No. 06 Civ. 6331, 2010 WL 2595091, at *4 (S.D.N.Y. June 28, 2010).

### II. ANALYSIS

Magistrate Judge Francis recommended that dismissal be granted because Leach failed to plead that he fully exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing claims until they have "'complete[d] the administrative review process in accordance with the applicable procedural rules,'" which "are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). At AMKC, an inmate must (1) file a grievance with the Inmate Grievance Resolution Committee, (2) appeal to the facility warden or his designee, (3) appeal to the Central Office Review Committee, and (4) appeal to the New York City Board of Correction. (Department of Correction Directive 3375R-A, available at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf (last visited June 28,

2013)). In addition, a grievance must be filed within ten days after the issue arose to be timely. (Id.) The Second Circuit recognizes three exceptions to the PLRA's exhaustion requirements, where (1) "administrative remedie are not available to the prisoner; (2) defendants have either waibved the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006). Despite the fact that Leach "complained constantly over a period of seven month[s]" (Compl. at 10), he nonetheless failed to properly comply with the available grievance process or to explain why he might qualify for an exception to the exhaustion requirement. Leach thus failed to exhaust the administrative remedies available to him.

Moreover, he also failed to allege facts sufficient to state a valid claim under the First Amendment. A prisoner's "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). In order for a prisoner to prevail on a free exercise claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006). Leach does not assert that eating matzos on a regular basis is a central tenet of Judaism, nor does he specify how often he was denied access to Kosher meals, if at all. The intermittent failure to provide incarcerated individuals with food complying with their religious dietary restrictions is a de minimis imposition falling far short of the substantial burden requirement. Rapier v. Harris, 172 F.3d 999, 1006 fn. 4 (7th Cir. 1999). Likewise, the Leach's assertion that his request to

speak with a Rabbi was ignored on only a single occasion constitutes a de minimis imposition. Accordingly, the facts presented by the plaintiff do not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Since no objections have been filed and the Court finds no clear error, the R&R is adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Francis's R&R in full. Defendant's motion to dismiss is GRANTED and Plaintiff is granted leave to replead. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. U.S., 369 U.S. 138 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
August 2, 2013

SO ORDERED

*(signature)*

PAUL A. CROTTY
United States District Judge

4

Copy Mailed By Chambers To:

Monte S Leach
679 Highridge Rd.
Stamford, CT 06905